CERRA *v.* FAJARDO DEVELOPMENT CO.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 868.—Resuelto en diciembre 20, 1912.

INJUNCTION—DESESTIMACIÓN DE LA SOLICITUD ANTES DE OIR PRUEBAS.—Una corte de distrito tiene facultades para denegar un *injunction*, sin practicar prueba alguna, cuando de la petición de *injunction* y de los *affldavits* presentados en pro y en contra de la misma, no se deduce claramente que existen motivos suficientes para decretar el *injunction*.

EXPROPIACIÓN FORZOSA—BIENES GANANCIALES—PARTES NECESARIAS.—En un procedimiento de expropiación forzosa de bienes inmuebles pertenecientes a la sociedad de gananciales, y dirigido únicamente contra el marido, la esposa no es parte necesaria en el mismo.

ID.—SENTENCIA—TRANSFERENCIA DEL TERRENO.—Cuando en un procedimiento de expropiación forzosa se dicta sentencia a favor del demandante, no es necesario ordenar al demandado que otorgue escritura transfiriendo el terreno objeto de la expropiación al demandante, pues la sentencia por sí sola constituye el título del demandante a la finca expropiada.

ID.—BIENES GANANCIALES—OTORGAMIENTO DE ESCRITURA POR EL MARIDO.—De acuerdo con la doctrina expresada en el párrafo anterior, cuando en un procedimiento de expropiación forzosa de bienes gananciales dirigido únicamente contra el marido, éste voluntariamente otorga escritura a favor del demandante sin que la ley le obligue a ello, tal otorgamiento no puede perjudicar los derechos de la esposa al terreno objeto de la escritura.

ID.—BIENES GANANCIALES—COMPARECENCIA DE LA ESPOSA.—De acuerdo con el artículo 1327 del Código Civil el marido es el administrador de los bienes gananciales, y aunque no puede enajenarlos ni gravarlos sin el consentimiento de la esposa, sin embargo la ley puede gravarlos, como sucede en los gravámenes por contribuciones, mandamientos de ejecución y de embargo, sin que en tales casos sea necesaria la gestión voluntaria del marido, y sin que la esposa sea parte necesaria en tales procedimientos.

INJUNCTION—DAÑOS IRREPARABLES—EXPROPIACIÓN FORZOSA—COMPENSACIÓN PECUNIARIA.—No siendo la demandante en este caso parte necesaria en el procedimiento de expropiación forzosa del terreno objeto de este *injunction,* no puede alegar haber sufrido daños por la expropiación de dicho terreno. *Se resolvió* también que no se ha alegado en la petición de *injunction* la existencia de daños irreparables, aparte de que en el caso de que existieran podían ser objeto de compensación pecuniaria.

APELACIÓN—SENTENCIA AJUSTADA A DERECHO—FUNDAMENTOS ERRÓNEOS.—Aun cuando los fundamentos de una resolución sean erróneos, si la resolución en sí misma está ajustada a derecho, no procede por aquel motivo su revocación.

INJUNCTION—DISCRECIÓN DEL TRIBUNAL—CAUTELA.—La concesión o denegatoria de un *injunction* descansa en la sana discreción del tribunal y sólo debe concederse con gran cautela y en aquellos casos en que la necesidad y las razones para expedirlo sean claras.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan B. Huyke.*

Abogado de la parte demandada: *Sr. Luis Muñoz Morales.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Este es un caso en el cual la demandante solicitó de la Corte de Distrito de Humacao, la expedición de un *injunction.* El *injunction* fué denegado y el demandante interpuso apelación

para ante este tribunal, alegando que se había cometido error por la corte de distrito al negarse a expedir el auto.

Un *injunction,* según ha sido definido por las autoridades más altas, es un mandamiento judicial por el que se require a una persona que ejecute determinada cosa o se abstenga de ejecutarla, de acuerdo con las exigencias del caso. (2 Story's Equity, 861; Spelling on Injunctions, 243.) Los de la primera clase se ha dicho que son mandatorios, y los de la segunda, prohibitorios. La segunda clase es mucho más corriente. (Spelling, sección 11.) Nuestro estatuto con respecto a *injunctions* fué aprobado el día 8 de marzo de 1906.

En su primera sección se define el *injunction* en los siguientes términos:

"El *injunction* es un mandamiento judicial expedido por escrito, bajo el sello de un tribunal, por el que se requiere a una persona para que se abstenga de hacer, o de permitir que se haga por otros bajo su intervención, determinada cosa que infrinja o perjudique el derecho de otra."

En el artículo 4 del mismo se dice lo siguiente:

"No podrá otorgarse un *injunction* para suspender un procedimiento judicial que se estuviere tramitando al instituirse la acción en que se solicite el *injunction,* a menos que la restricción fuere necesaria para impedir una multiplicidad de tales procedimientos."

En el artículo siguiente de dicha ley se dispone que:

"Podrá otorgarse un *injunction* en cualquier tiempo antes de haberse dictado sentencia, mediante petición o declaración juradas, siempre que aquélla o ésta, en su respectivo caso demostraren satisfactoriamente que existen motivos suficientes para concederlo."
Leyes de la Sesión de 1906, páginas 81–83.

En el presente caso la solicitud no fué presentada en un procedimiento judicial que entonces se estuviera tramitando, sino que era un pleito independiente que tenía por objeto obtener un *injunction* permanente contra el demandado para impedir el traspaso y ocupación de cierta parcela de terreno que había de usarse como camino para un ferrocarril. La

solicitud de *injunction* fué presentada con posterioridad a la fecha en que se dictó la sentencia de expropiación del terreno, y en ella no se expresa que existiera probabilidad alguna de multiplicidad de procedimientos, así como tampoco mostraba razón alguna de que se temiera que tal cosa pudiera ocurrir.

La corte inferior, antes de dictar sentencia en este caso emitió una larga opinión en la que se discutían extensamente todos los puntos tanto de hecho como de derecho, y el día 8 de abril de 1912 desestimó la solicitud de *injunction* que había sido presentada, adjudicando las costas a favor del demandado.

Como la acción tomada por la corte sentenciadora en este caso se fundó virtualmente en la falta de equidad de la demanda, es conveniente que se lea cuidadosamente la demanda en la que el promovente solicitó la expedición del auto, a fin de que podamos apreciar mejor el caso.

La demanda, en resumen, es sustancialmente como sigue:

"Que la demandante en este pleito, Manuela Cerra de Zalduondo, por medio de su abogado, Juan B. Huyke, comparece ante la corte y establece esta acción contra la Fajardo Development Company y Miguel Zalduondo Veve que es asimismo demandado en esta acción, y alegando:

Primero. Que la Fajardo Development Company es una corporación de fuera del país, autorizada para hacer negocios en esta isla, y el demandado, Miguel Zalduondo Veve, es residente del pueblo de Fajardo y mayor de edad.

"Segundo. Que la demandante y el referido demandado Zalduondo han estado y están casados, no habiendo ninguno de ellos aportado bienes al matrimonio.

"Tercero. Que la demandante y el demandado Zalduondo son dueños de una finca comprada con fondos de la sociedad de gananciales en 28 de noviembre de 1909, cuya finca está situada en el barrio de Quebrada Seca de Fajardo, y se compone de 6 cuerdas de terreno, (cuyas colindancias se describen).

"Cuarto. Que la Fajardo Development Company en el año 1910 acudió al Consejo Ejecutivo en solicitud de que se expropiara una parcela de terreno perteneciente a la finca anteriormente descrita,

compuesta de 92 metros y 85 centímetros de largo, por 10 metros de ancho.   (cuyas colindancias se describen).

"Quinto. Que el Consejo Ejecutivo de Puerto Rico citó al demandado Zalduondo para que compareciera a un *meeting* que tenía por objeto que hubiera una discusión con respecto a dichos procedimientos de expropiación, pero que la demandante en este caso no fué citada ni notificada, ni se le oyó en forma alguna.

"Sexto. Que como resultado de tales procedimientos ante el Consejo Ejecutivo de Puerto Rico, la Fajardo Development Company presentó en la Corte de Distrito de Humacao una demanda sobre expropiación forzosa de la faja de terreno anteriormente descrita, por ser de utilidad pública, contra Miguel Zalduondo Veve, sin que la peticionaria fuera parte en dicho pleito.

"Séptimo. Que se celebró la vista de la causa y la Corte de Distrito, en 28 de marzo de 1912, dictó sentencia declarando la expropiación de la faja de terreno descrita, habiéndose concedido en la sentencia el título de dicha parcela de terreno a la Fajardo Development Company sin que se hubiera hecho parte en la acción a la peticionaria.

"Octavo. Que con motivo de la sentencia dictada por la corte la peticionaria ha quedado privada de su propiedad sin que haya sido oída y vencida en juicio y sin que hubiera mediado compensación.

"Noveno. Que el propósito de la Fajardo Development Company al conseguir la expropiación de dicha parcela es el de construir una línea de ferrocarril a través de la misma, lo que ha de ocasionar grandes e irreparables perjuicios al resto de la finca que pertenece a la demandante.

"Décimo. Que por virtud de lo decretado en la sentencia el demandado Zalduondo se halla obligado a otorgar escritura a favor de la Fajardo Development Company, y que esta última ha de seguir adelante el procedimiento de expropiación con el fin de construir la expresada vía de ferrocarril tan pronto como le sea posible.

"Undécimo. Que una compensación pecuniaria no habría de proporcionarle remedio adecuado a la peticionaria, pues de no ser restringidos los demandados en la ocupación de dicha parcela, una multiplicidad de procedimientos habría de sobrevenir para evitar los daños que resultarían a la peticionaria con motivo de dicha expropiación, la que no tiene otro remedio adecuado en la ley.

"Duodécimo. Que el valor intrínseco de la participación de la demandante en la parcela de terreno excede de la suma de $600, por lo que se solicitó de la corte que ordenara a los demandados en este pleito que se abstuvieran de otorgar escritura o tomar posesión de

dicha parcela de terreno hasta que la peticionaria haya sido oída y se haya dictado sentencia contra la misma.''

Concluye la demanda con la súplica siguiente:

''Por lo que suplicamos a la corte se sirva decretar un auto de *injunction* dirigido contra los demandados en este caso, en el que se les requiera

''(*a*) Que Miguel Zalduondo Veve se abstenga de otorgar escritura a la Fajardo Development Company y ponerla en posesión de la parcela o faja de terreno descrita en la alegación cuarta de la demanda, hasta tanto no medie nueva orden de la corte.

''(*b*) Que la demandada Fajardo Development Company, ya por sí, ya mediante sus empleados, sirvientes, agentes, representantes, abogados, y demás personas que actúen a su nombre y bajo su dirección se abstenga de ejecutar la sentencia definitiva dictada por la corte de distrito el día 28 de marzo de 1912, en el pleito número 1803 seguido por dicha corporación contra Miguel Zalduondo Veve sobre expropiación forzosa; absteniéndose al mismo tiempo de ocupar la faja o parcela de terreno reseñada o en cualquiera forma incautarse de ella hasta que sea oída y vencida en juicio la peticionaria.

''(*c*) Que los demandados en este pleito sean condenados a pagar las costas de este procedimiento, incluyendo honorarios de abogados.''

De lo que precede se verá que el *injunction* se ha solicitado por tres fundamentos, a saber: *Primero.* Que la demandante Señora Cerra de Zalduondo es dueña de una mitad indivisa de 6 cuerdas de terreno, de las cuales se trata de expropiar la faja o parcela. *Segundo.* Que si la demandada Fajardo Development Company tomara posesión de dichos terrenos para dedicarlos al uso a que se ha hecho referencia, esto causaría daños irreparables a la peticionaria; y *tercero.* Que una compensación pecuniaria no sería un remedio adecuado por el daño que sufriría la demandante.

Antes de entrar a discutir estas diferentes cuestiones, debe tomarse en consideración la objeción preliminar formulada por el apelante. Se expresa en el *brief* y se ha alegado con cierta seriedad e insistencia en el informe oral, que la corte sentenciadora procedió erróneamente al denegar el *injunction* antes de oir ninguna prueba con respecto a los hechos

contenidos en la solicitud. Se alega que éste fué un procedimiento erróneo. Nosotros no lo entendemos así. Es la práctica corriente cuando una solicitud se presenta a un juez o a una corte para que se expida un *injunction* y se formula una contestación a la misma, o antes de que se formule la contestación, que la corte debe considerar los hechos contenidos en la petición jurada o en cualesquiera *affidavits* que acompañen a la misma, así como aquellos que aparezcan en la contestación jurada y en los *contra-affidavits* en que la misma se apoye, y concederá o negará el *injunction* por los méritos de la demanda o de la contestación; o después que el *injunction* se ha concedido y presentado una moción para anularlo, la corte disolverá o se negará a anular el *injunction* u orden restrictiva expedida anteriormente. En la sección 5ª. de la Ley de *injunction* a que se ha hecho referencia se dispone especialmente que el *injunction* podrá otorgarse mediante petición o declaración juradas que acompañen a la misma, siempre que dicha petición o declaraciones juradas demuestren satisfactoriamente que existen motivos suficientes para concederlo. Desde luego que la facultad para conceder el auto simplemente por lo que aparezca de los documentos sin oir prueba alguna supone, que la corte o juez tiene el derecho de negar el auto cuando no aparecen motivos suficientes para que sea concedido. Esta práctica está tan bien establecida que no es necesario discutir el asunto con mayor extensión.

Por consiguiente, la primer cuestión que ha de considerarse con arreglo a los méritos del caso es el interés que tiene la demandante en las 6 cuerdas de terreno en las cuales se trata de establecer la servidumbre de paso. Aparece de la demanda que esta finca fué comprada después del matrimonio de Doña Manuela Cerra y Miguel Zalduondo y que ninguno de ellos tenía propiedad alguna en la fecha del matrimonio. Por tanto, la parcela de terreno pertenece a los bienes gananciales de Zalduondo y su esposa, sección 1322 del Código Civil, y la primer cuestión que ha de ser tomada en

consideración es si la esposa fué o nó parte necesaria en los procedimientos sobre expropiación de la finca perteneciente a los bienes gananciales. Tomando en consideración las anteriores sentencias de este tribunal, puede deducirse por analogía que ella no es parte necesaria, puesto que ha sido resuelto que la esposa no es parte necesaria en un procedimiento sobre ejecución de una hipoteca constituída en propiedad perteneciente a los bienes gananciales. Véase el caso de *Porto Rico Leaf Tobacco Co.* v. *Ereño,* 16 D. P. R., 100–106, y *Torres* v. *Lothrop, Luce & Co.,* 16 D. P. R., 180. De acuerdo con nuestra ley, el marido es el administrador de los bienes gananciales, (art. 1327 del Código Civil), y aunque no puede traspasarlos o venderlos sin el consentimiento de la esposa, la ley puede imponer un gravamen sobre los bienes como ocurre en la tasación de contribuciones, orden de ejecución, o mandamiento de embargo o en alguna otra forma, sin que sea necesaria la gestión voluntaria del marido, y en tales casos la esposa no es parte necesaria en los procedimientos. En el presente caso parece que la corte, al dictar la sentencia sobre la expropiación forzosa del terreno, ordenó al marido que hiciera un traspaso del terreno a la Fajardo Development Company. Esto no era necesario. La orden de la corte daba el título de la finca, o por lo menos, el derecho o servidumbre concedido en la misma a la Fajardo Development Company sin que tuviera nada que ver el marido, y si éste voluntariamente ejecuta un traspaso que la ley no le obliga a hacerlo, no puede el mismo producir efecto alguno en el sentido de perjudicar el derecho de la esposa en la finca que se trata de traspasar.

Cualesquiera derechos que la esposa tuviere en la finca en la que se pretende establecer la servidumbre, continúa teniéndolos sin menoscabo alguno, no obstante los procedimientos de expropiación, excepto en lo que los mismos puedan afectar a los bienes gananciales. Los casos citados por el abogado de los apelantes, a saber, *Holmes* v. *Kansas City,* 209 Missouri, 513; 108 S. W., 9; 123 Am. St. Rep., 495, y otros casos

se diferencian del presente en que en dichos casos la esposa tenía una participación separada e independiente en la propiedad; en el caso de Holmes tenía lo que se conocía por propiedad del marido y de la mujer (*estate by entirety*), según el que tenía ella que ser parte en los procedimientos de expropiación; y siendo ella parte necesaria en los mismos, y teniendo un interés independiente en la finca que trata de expropiarse tenía derecho de impedir la ocupación de la finca hasta que se le quitara mediante debido procedimiento de ley y se le pagara la debida compensación por la misma. Se verá que estos casos son completamente distintos en principio del que estamos considerando. Sin embargo, bajo las circunstancias de este caso, puede decirse que la esposa sola no tenía derecho para instituir una acción de *injunction* respecto de la propiedad en litigio. Esto resuelve la cuestión relativa al primer fundamento en que se basa el *injunction*.

Examinemos el segundo fundamento por virtud del cual se ha solicitado la expedición del *injunction,* o sea, que el demandado causaría perjuicios irreparables a la peticionaria por el hecho de tomar posesión del terreno a que se refiere la demanda. La Señora Cerra Zalduondo o era parte necesaria en los procedimientos de expropiación forzosa o no lo era; si no era parte necesaria, entonces no puede alegar haber sufrido perjuicios que pudieran resultar de la expropiación del terreno, puesto que la acción de la corte y de las partes demandadas en este pleito en la expropiación de la finca de 6 cuerdas fué estrictamente de acuerdo con la ley. Si ella era parte necesaria en los procedimientos de expropiación, entonces la sentencia dictada en el caso y la acción de la corte al decretar la servidumbre sobre el terreno y la ocupación del mismo por la demandada Fajardo Development Company, no podía por el hecho de no habérsele notificado a ella, afectar a ningún derecho que tuviera la peticionaria, pudiendo ésta establecer tal acción en las cortes o en alguna otra forma según lo creyera conveniente para proteger sus intereses. No existe nada en la alegación contenida en la

demanda que demuestre que algún perjuicio irreparable haya de sufrirlo alguno por virtud de la sentencia dictada en el pleito de expropiación. No resulta que se haya destruído ningún edificio, o que algún perjuicio público o privado se haya ocasionado, o que la parcela de terreno en la que se tiene en proyecto el establecimiento de la vía haya esencialmente sufrido en su valor, excepto en cuanto a la porción que ha sido tomada para ser inmediatamente ocupada, y el valor de esa parcela puede ser fácilmente apreciado en dollars y centavos, y la cuantía de los perjuicios que sufriera la demandante con motivo de tomársele dicha parcela puede fijarse en dinero y pagársele si tiene ella derecho a cobrar dicha suma; en otras palabras, todo lo que es necesario para reparar un perjuicio que pudiera sufrir la demandante debido a los hechos expresados en la demanda, es que se dicte una sentencia ordenando que se pague cierta suma de dinero como compensación por los perjuicios, y no se ha demostrado que hayan existido perjuicios irreparables de acuerdo con las alegaciones contenidas en los alegatos.

Y llegamos ahora a la consideración del tercer fundamento en el cual la demandante funda su derecho para la expedición del *injunction,* o sea que una compensación pecuniaria no le proporcionaría un remedio adecuado. Ya hemos virtualmente resuelto esta cuestión al considerar la segunda proposición. Si los demandados o cualquiera de ellos han privado a la demandante de su finca o de alguna parte de la misma, o la han gravado con una servidumbre que no está autorizada por la ley, ella puede recurrir a la corte entablando una acción de daños y perjuicios, pudiendo recobrar la cantidad total en pesos y centavos por cualquier perjuicio que haya podido sufrir en su propiedad. Por tanto, no hay razón alguna para expresar que el remedio no sería adecuado.

Los señalamientos de error hechos por el abogado del apelante en su alegato se fundan principalmente en la opinión de la corte inferior según aparece de los autos. No importa si la opinión de esa corte fué correcta o no. Es la sentencia

o resolución contra la cual se interpone la apelación la que tenemos que considerar al resolver sobre la propiedad de la acción adoptada por la corte inferior. Puede ocurrir que una corte llegue a dictar una sentencia o resolución que sea correcta tomando por base fundamentos indebidos e ilógicos y si la sentencia o resolución así dictada es correcta, no importa que las razones emitidas por la corte para dictar dicha sentencia sean erróneas o de algún otro modo equivocadas. No pretendemos expresar si las proposiciones contenidas en la opinión de la corte sentenciadora son o nó correctas en todos sus particulares, puesto que tal cosa no es necesaria para la resolución de este caso.

Además, podemos expresar en cuanto a la negativa de la corte a expedir el mandamiento de *injunction* solicitado, que ha sido generalmente aceptada como correcta la doctrina de que un *injunction* es un remedio de equidad que puede concederse o denegarse de acuerdo con la sana discreción del juez sentenciador, y debe siempre observarse gran cautela al concederse, y sólo en los casos en que la razón y la necesidad que exista para que se conceda sean claros. Véase Spelling on Injunctions, artículos 22–23; *González* v. *Collazo,* 14 D. P. R., 855; *Trujillo Mercado & Co.* v. *Rodríguez,* 16 D. P. R., 125; *Morfi* v. *Fajardo Development Co.,* 17 D. P. R., 797; *Abella* v. *Fernández et al.,* 17 D. P. R., 1063.

Los abogados de las partes presentaron otras cuestiones en los importantes alegatos que presentaron en este pleito, pero, según la consideración que hemos hecho de este caso, entendemos que no hay necesidad de considerar las referidas cuestiones. Por las razones expresadas la sentencia o resolución de la Corte de Distrito de Humacao, denegando el *injunction* solicitado en este caso, debe ser confirmada en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.